[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF JOSEPH P. ZEPPIERI, M.D.
In the above-captioned case, the plaintiff physicians assert that the defendant Anthem Health Plans, Inc. ("Anthem") has breached its agreements with them in various ways, including, inter alia, failing to pay them for services in timely fashion, arbitrarily denying payment for services, failing to maintain adequate administrative services, and failing to communicate its procedures adequately.
On October 24, 2000, Anthem served plaintiff Joseph P. Zeppieri with interrogatories and requests to produce documents. Dr. Zeppieri responded on May 25, 2001. Anthem observes that Dr. Zeppieri's responses were apparently filled in on a set of interrogatories directed to another party, however Anthem has apparently been able to overcome this clerical error and its motion is not based on that error. Dr. Zeppieri filed no objection to any of the discovery requests. Anthem complains that the responses are incomplete and seeks an order compelling Dr. Zeppieri to comply. The specific claims of noncompliance are set forth and ruled upon below.
1. Failure to identify persons with knowledge of claims
Many of Anthem's interrogatories asked this plaintiff to identify all persons with knowledge of particular claims made in the complaint. Initially, Dr. Zeppieri identified only two such persons. In his November 18, 2002, response to the motion to compel, he identified ten additional such persons. Presumably, he intends to supplement in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
The court has no way of determining that this plaintiff has failed to include all persons with knowledge of the facts at issue. If indeed there are additional such persons, Dr. Zeppieri takes the very real risk that CT Page 481 he will be barred from presenting such additional witnesses at trial. The defendant is entitled to conduct discovery, include depositions, in an orderly fashion rather than on the eve of trial. Any supplementation of the response to these questions must be filed in proper form by May 1, 2003.
2. Failure to provide specific answers
Anthem asked the plaintiffs to "set forth each and every fact upon which plaintiffs base (their) allegations" that "Anthem failed to provide . . . a consistent medical utilization quality management and administration of covered services by paying financial incentive and performance bonuses to providers and Anthem BC and BS staff members involved in making utilization management decisions." Dr. Zeppieri stated that he did not have that information, but that his counsel advised him that documents received from Anthem include instances, with no indication whether these instances support his own claim or the claims of other plaintiffs. Dr. Zeppieri's duty is to supply answers from his own knowledge, not to interrogate his counsel concerning their work product from sources other than his own knowledge. P.B. § 13-2.
2. Answers Referring to Irrelevant Documents
Anthem complains that in answer to Interrogatory 2(a), which seeks identification of documents concerning financial incentives, Dr. Zeppieri's response was "See Explanation of Benefits (EOBs) created by defendant. . . ." Anthem states that EOBs contain no information about financial incentives, a plausible statement given the nature of a document titled Explanation of Benefits. While Dr. Zeppieri may thus have been proven to have erroneously identified documents that are not in fact related to the issue, Anthem has not proved that he withheld documents in his possession, custody or control that are related to that issue. Likewise, with regard to Interrogatory 7(a), in which Anthem asked Dr. Zeppieri to state the basis for his allegation that Anthem failed to maintain accurate books and records, this plaintiff identified only the Explanation of Benefits forms, and no set of documents that would reveal the alleged errors or miscodings. If he has such documents in his possession and fails to identify and produce them, he faces the probable sanction that he will not be permitted to introduce such documents at trial and therefore will not be able to prove his claims. In his brief in opposition to the motion to compel, he has attempted to supply additional information. Any supplemental responses must, instead, be supplied in the form required by P.B. §§ 13-7 and 13-10, and supplementation shall be completed by May 1, 2003. CT Page 482
3. Blanket References to EOB forms
Interrogatories 1(c)-(d), 2(c), 4(c)-(d), 5 c), 7 ()-(d), and 18(c)-(d) request that this plaintiff identify documents that support specific allegations. Dr. Zeppieri has responded by referring Anthem to EOB's, without indicating any documents that will demonstrate any discrepancy between the EOB and the payment that this plaintiff asserts was correct. The court has no basis for concluding that this plaintiff has responsive documents in his possession that he had not disclosed. If he has such documents in his possession and fails to identify and produce them, he faces the probable sanction that he will not be permitted to introduce such documents at trial and therefore will not be able to prove his claims. Any supplemental responses must be supplied in the form required by P.B. §§ 13-7 and 13-10, and supplementation shall be completed by May 1, 2003.
4. Blanket References to Documents Marked as Exhibits at Depositions
Anthem complains that in answer to Interrogatires 5(d), 12(a), 9c), 14(a), (c), (e), 15(c)-(d), 16(c)-(d), 17(c)-(f), 18(a) 19(c)-(f), 34 and 35 plaintiff Zeppieri has responded by referring Anthem to the documents marked as exhibits 9-21 and 67-68 at the deposition of Dr. Michael Connair. Anthem observes that these documents do not, in fact, support some of his claims. The court has no basis for concluding that this plaintiff has responsive documents in his possession that he had not disclosed. If he has such documents in his possession and fails to identify and produce them, he faces the probable sanction that he will not be permitted to introduce such documents at trial and therefore will not be able to prove his claims. Any supplemental responses must be supplied in the form required by P.B. §§ 13-7 and 13-10, and supplementation shall be completed by May 1, 2003.
Anthem further asserts that answers that direct it to voluminous deposition transcripts, without identifying the page on which the responsive material appears, constitute a failure to respond. This court agrees. While a response may take the form of a reference to a document, the specific portions of the document where the information sought actually appears must be identified with particularity. The court finds that responses that refer to an entire deposition that covers topics not confined to the single topic of the interrogatory are unresponsive. This plaintiff is ordered to provide a specific response no later than May 1, 2003.
5. Response that Answers are "Pending"
CT Page 483
Anthem states that this plaintiff has responded with only the word "pending" as to all 48 of its requests for production of documents. In his brief in opposition, the plaintiff observes only "Plaintiff Unable to Answer. Plaintiff cannot answer what he does not know." This plaintiff has had two years to supply answers to these requests for production and has offered neither responses nor any appropriate response to the motion to compel. His approach is evasive. If he has no such documents, he should have so stated in the form required by P.B. § 10-13. Instead, by answering "pending" he has neither supplied the documents nor indicated that there are none to disclose.
The plaintiff is ordered to provide a specific response either identifying the documents or clearly stating that no such documents are in his possession, custody or control, no later than May 1, 2003.
6. Documents Concerning Claim of Improper Payment for Services
Anthem asserts that Dr. Zeppieri has produced some documents to support his claim of improper payment for services but posits that the documents produced cannot be all of the responsive documents in his possession, custody or control. This court has no means of ascertaining that this plaintiff in fact has additional documents that he has not produced. If he has such documents in his possession and fails to identify and produce them, he faces the probable sanction that he will not be permitted to introduce such documents at trial and therefore will not be able to prove his claims. Any supplemental responses must be supplied in the form required by P.B. §§ 13-7 and 13-10, and supplementation shall be completed by May 1, 2003.
Conclusion
The court finds that plaintiff Zeppieri has failed to respond to those discovery items to which he has answered by reference to entire transcripts of depositions. He shall file a specific response, which may take the form of a reference to a deposition only if he identifies the page number that contains a specific answer to the interrogatory.
The court finds that the other claims of noncompliance have not been established. In order to ensure that responses are not supplemented in a manner that unfairly limits the defendant's ability to counter them, the court orders that all supplemental responses shall be filed no later than May 1, 2003.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 484
[EDITORS' NOTE: This page is blank.] CT Page 485